**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: May 18 2015

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-33916 |
| | ) | |
| Kellie A. Walters, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | JUDGE JOHN P. GUSTAFSON |

### ORDER RE MOTION TO CONVERT

This case came before the court on May 11, 2015, on Debtor's "Motion to Convert Chapter 7 to 13" ("Motion") [Doc. # 29] and the Chapter 7 Trustee's Objection to the Motion ("Objection") [Doc. # 31]. Counsel for the Debtor appeared at the hearing by telephone, while the Chapter 7 Trustee appeared in person.

Debtor's counsel asserts that Debtor is eligible for Chapter 13 relief. Counsel has also represented that during the course of the Chapter 7 proceedings, a quit claim deed was provided to the Chapter 7 Trustee in an effort to show that real estate had been transferred to a trust for the benefit of Debtor's children, pursuant to a request from Debtor's deceased father. However, Debtor has been unable to provide the Chapter 7 Trustee with documentation proving that a trust had actually been created.

Without paperwork proving such a trust exists, the Trustee has determined that the property has a value in excess of the claims in the case, and as such, would recover the property and sell it for the benefit

of the Chapter 7 bankruptcy estate. The Chapter 7 Trustee objected to Debtor's Motion to Convert, as she believed that Debtor will be unable to fund a Chapter 13 plan, based upon the Debtor's budget deficit contained within Debtor's original Schedules.

Subsequently, the Debtor filed an amended Schedule I reflecting that she now had two different jobs, and substantially higher income. Both of these new jobs were obtained post-bankruptcy.

11 U.S.C. § 706(a) states that "[a] debtor may convert a case under this chapter to a case under chapter . . . 13 of this title at any time. . . ." There is an exception to this "right" under *Marrama vs. Citizens Bank of Mass.*, 549 U.S. 365, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007). Where there is "bad faith" or "atypical conduct in factually extraordinary cases", a bankruptcy court may deny conversion from Chapter 7 to Chapter 13. *See*, *In re Hale*, 511 B.R. 870, 877 (Bankr. W.D. Mich. 2014).

In this case, the Debtor's potential interest in the property was disclosed in the Schedules, and there does not appear to be any issue regarding the truthfulness of Debtor's income at the time of filing, or her subsequent change in employment. Accordingly, the circumstances in this case do not warrant denial of the Motion to Convert from Chapter 7 to Chapter 13.

However, the court notes that 11 U.S.C. § 1307(b) provides that "[o]n request of the debtor at any time, *if the case has not been converted under section 706 . . . of this title*, the court shall dismiss a case under this chapter." (Emphasis added). In other words, a debtor does not have an absolute right to dismiss a Chapter 13 case that has been converted from a Chapter 7 case. *See generally*, *In re Copper,* 426 F.3d 810 (6th Cir. 2005); *In re Thompson,* 2015 WL 394361, 2015 Bankr. LEXIS 271 (Bankr. E.D. Ky. Jan. 28, 2015); *In re Patton*, 209 B.R. 98 (Bankr. E.D. Tenn. 1997); *In re Williams*, 435 B.R. 552 (Bankr. N.D. Ill. 2010).

The Chapter 7 Trustee requested, in the alternative, that if the Chapter 13 case did not succeed, that she receive notice and be permitted to be heard on the issue of whether the above captioned case should be converted back to Chapter 7, rather than dismissed.

For the reasons stated on the record at the hearing and in this Order, the court will allow the case to be converted to Chapter 13.

Therefore, good cause appearing,

**IT IS ORDERED** that Debtor's Motion to Convert to Chapter 13 [Doc. # 29] be, and hereby is, **GRANTED**; and

**IT IS FURTHER ORDERED** that this case is hereby converted from a Chapter 7 case to a Chapter 13 case; and

**IT IS FURTHER ORDERED** that the Chapter 7 Trustee shall file an entry of appearance and request for notice in the Chapter 13 case within 30 days, to allow the Chapter 7 Trustee to respond to any motion to dismiss the Chapter 13 case; and

**IT IS FINALLY ORDERED** that Debtor must file her Chapter 13 means test form, proposed plan and any other documents or amended documents necessary to proceed **within 15 days of the date of this order.**